IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY ANN CONTRERAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **ST. HOPE FOUNDATION, INC.** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, MARY ANN CONTRERAS, filing her Original Complaint complaining of Defendant, ST. HOPE FOUNDATION, INC., and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII").

2. Plaintiff, MARY ANN CONTRERAS, resides in Houston, Texas. Plaintiff is female and is thus protected by Title VII. Plaintiff was at all relevant times an employee within the meaning of said applicable statute.

3. Defendant, ST. HOPE FOUNDATION, INC., operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

4. Defendant engaged in an industry affecting commerce and employed more than 15 regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court

**V<small>ICARIOUS</small> L<small>IABILITY</small>--R<small>ESPONDEAT</small> S<small>UPERIOR</small>**

6. Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

7. The acts of management including but not limited to Chief Executive Officer Rodney Goodie were performed while in the employment of Defendant, to further Defendant's business, to accomplish the objective for which this supervisory employee was hired, and within the course and scope of that employment or within the authority delegated to this employee.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on or about May 9, 2013. In that Charge, No. 460-2013-02153, and any amendments and/or attachments thereto and where applicable, Plaintiff asserts that she was discriminated because of her sex (female) and in retaliation for opposing harassment and discrimination.

9. After investigating Plaintiff's Charge, the EEOC issued Plaintiff a Right-To-Sue letter dated September 24, 2013. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10. For purposes of this lawsuit, Contreras began her employment at St. Hope Foundation as a Client Coordinator on or about December 21, 2011.

11. Before that, she worked at St. Hope Foundation in approximately May of 2006.

12. She was re-hired by St. Hope Foundation in approximately 2009 or 2010.

13. During her last tenure at St. Hope Foundation beginning in 2011, Contreras was supervised directly by Deonna Marshall.

14. St. Hope Foundation is a non-profit community healthcare organization that has been existence since 1999. The organization initially focused on providing housing and transportation assistance to those in need. Those services were later expanded to include primary medical care, medical case management and behavioral health services. They operate several health care centers and at least one pharmacy.

15. At some point over the years, St. Hope Foundation employees began taking annual trips outside of Houston, Texas. These trips were usually in the summer months.

16. In the year 2010, St. Hope Foundation employees went to Las Vegas, Nevada.

17. In the year 2011, St. Hope Foundation employees went to Las Vegas, Nevada.

18. In the year 2012, St. Hope Foundation employees went to Las Vegas, Nevada.

19. St. Hope Foundation employees and/or agents organized the annual trips.

20. St. Hope Foundation employees and/or agents selected the flights and hotels for these annual trips.

21. St. Hope Foundation recouped each individual employee's flight and hotel costs from each participating employee's payroll check.

22. St. Hope Foundation treated each participating employee to certain activities on these annual trips e.g., dinner.

23. St. Hope Foundation organized certain group activities on these annual trips.

24. St. Hope Foundation employees and/or agents even warned its employees "Everything in L[as] V[egas] stays in LV!" *And*, "No FaceBooking LV Trip." *And*, "No 'outing staff' videos/pics." *And,* "No staff discuss."

25. Just before this July 2012 annual trip, Contreras tendered her resignation to Marshall.

26. Just before this July 2012 annual trip, Marshall refused to accept Contreras' resignation. Instead, Marshall asked Contreras for a list of things St. Hope Foundation could do to keep her as its employee. Marshall told Contreras that upon returning from the annual trip, Marshall, CEO Goodie and Director of Operations Timika Sam-Cooper would meet to provide Contreras with a more attractive employment package to remain a St. Hope Foundation employee.

27. During the July 2012 Las Vegas trip, Contreras was subjected to highly offensive sexual conduct by CEO Goodie.

28. Goodie was a married man during this July 2012 trip.

29. Goodie was the CEO of St. Hope Foundation during this July 2012 trip.

30. One night while in Las Vegas, the employees met at The Palms nightclub.

31. CEO Goodie had several alcoholic beverages.

32. Contreras had none.

33. Contreras was leaning on a sofa. Goodie picked Contreras up, wrapped her legs around him to the point where Contreras felt his erect penis and walked to the dance floor. Contreras told Goodie, "No!" and "Let me down!" She eventually slid down off of Goodie. This was done in presence of other managers including Marshall and employees; many of whom laughed. Contreras was highly offended. She made her objections clear. She never laughed.

34. Such conduct was neither solicited nor incited by Contreras.

35. In fact and before this July 2012 annual trip, CEO Goodie would oft-times tell Contreras, "One day, I'm going to get you drunk!"

36. Upon returning from the Las Vegas trip, Contreras reported to work the next work day.

37. That very next day, Contreras was told that St. Hope Foundation accepted her resignation.

38. The effect of the practices complained of herein has been to deprive Contreras of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.    SEXUAL HARASSMENT**

39. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

40. Defendant, through its agents, supervisors, or employees including Goodie engaged in unlawful sex discrimination by subjecting Contreras to unwelcome sexual harassment.

41. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile environment, which interfered with Plaintiff's emotional and physical well-being.

42.     Defendant at all times relevant hereto had actual and/or constructive knowledge of the conduct described in the paragraphs above in large part because of Goodie's influential position and the open and obvious nature of the sexual misconduct that permeated.

43.     As a result of the hostile and offensive environment perpetrated by Defendant through its agents, supervisors, or employees, and maintained by Defendant's failure to protect Contreras from further harassment and instead terminating Contreras caused her to suffer severe emotional distress and physical injury.

44.     Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of Goodie and management as described in the paragraphs above.

45.     Defendant failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

46.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Contreras through its agents, supervisors, or employees, Contreras has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Contreras is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Contreras has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extend of which are presently unknown to Contreras, who therefore will seek leave of Court to amend this Compliant in that regard when the same shall be fully and finally ascertained. Contreras requests that attorneys' fees be awarded pursuant to Title VII.

    **B.  <u>RETALIATION</u>**

47. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

48. After rejecting such harassment, Contreras was subsequently terminated – as her "resignation" was accepted without the promises initially offered.

49. Defendant had no legitimate business reasons for any such acts. Each act of retaliation is in violation of Title VII's anti-retaliation provisions.

50. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and relation against her, Contreras has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Contreras is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

51. The above-described acts on Defendant's part were undertaken in violation of Title VII and proximately caused Contreras substantial injuries and damages.

**V.**
**JURY DEMAND**

52. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

53. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Contreras in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Contreras seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial.

54. Because of Defendant's unlawful and tortious conduct, it has been necessary for Contreras to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

55. Additionally, Contreras has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Contreras seeks all general, special, incidental and consequential damages as shall be proven at trial.

56. Further, Contreras seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Contreras also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant

.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of sex and in retaliation thereof.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled,

whether by this Complaint or by any amendment hereto.

>Respectfully submitted,
>
>Law Offices of Katrina Patrick
>
>*/s/ Katrina S. Patrick*
>
>_____
>
>**Katrina Patrick**
>Attorney-in-Charge
>State Bar No. 00797218
>Federal Bar No. 22038
>530 Lovett Street
>Houston, Texas  77006
>Telephone:  (713) 796-8218
>Facsimile:  (713) 533-9607
>
>**ATTORNEY FOR PLAINTIFF**
>**MARY ANN CONTRERAS**